THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALLEN BENEDICT, v. CHARLES M. DENNISON, WILLIAM L. BOSTWICK and WILLIAM J. MORGAN, Canal Appraisers, Respondents.

*Certiorari — writ of, cannot issue while an appeal is pending — Code of Civil Procedure, sec. 2122, sub. 2 — Claim against the State — only enforceable in the particular manner specified in the statute.*

The Canal Appraisers having denied a claim for damages made by the relator, on the ground that not having been filed within the time prescribed, it was barred by the statute, an appeal was taken by him to the Canal Board, as authorized by chapter 368 of 1829. Two days after such appeal was taken, a writ of *certiorari* to review the action of the Canal Appraisers was procured.

*Held,* that in any event the writ could not issue while the appeal taken by the relator was pending and undecided.

That under subdivision 2 of section 2122 of the Code of Civil Procedure, the writ could not issue in any case, as the determination of the Canal Appraisers could be adequately reviewed by the appeal given by the act of 1829.

*Semble,* that as the relator sought to recover damages from the State, caused by the use of his property for public purposes, it might well be doubted whether the damages could be recovered in any other way than that provided by the legislature; that is, by the action of the Canal Appraisers, as modified by an appeal to the Canal Board, the decision of which is declared to be final.

MOTION to compel the Canal Appraisers to make a return to a writ of *certiorari*, theretofore issued to the said Canal Appraisers, to review their decision denying a claim for damages made by the relator.

*Levi H. Brown,* for the relator.

*Bradley Winslow,* for the respondent.

BOARDMAN, J.:

On the 23d of February, 1882, the Canal Appraisers of the State of New York made an award or decision, denying the relator the damages he claimed, upon the ground that the claim for such damages was barred by the statutes, it not having been filed within the time prescribed by law. It was further held and decided that such claim was not revived by virtue of the Laws of 1870.

From this decision an appeal was duly taken and perfected on the 20th day of June, 1882, to the Canal Board of the State of New York, under chapter 368, Laws of 1829. (3 R. S. [Edm. ed.], 147.) Two days after such appeal the present writ of *certiorari* was served upon Mr. Morgan, chairman of the Board of Canal Appraisers.

The defendants now claim that the writ of *certiorari* was improperly issued for two reasons, viz.:

*First.* That the relator elected his remedy when he appealed to the Canal Board, and that the remedy by *certiorari*, if such remedy exists, cannot at the same time be employed.

*Second.* That the remedy by writ of *certiorari* is not applicable to the present case.

We think the defendants are right in both positions. The appeal to the Canal Board was first taken and, at least, so long as that appeal is pending the writ of *certiorari* should not issue. (*People ex rel. Van Allen* v. *Perry*, 16 Hun, 461.) It is inconsistent with a proper administration of law, that two independant tribunals should at the same time have the power to dispose of a case on appeal or by review, with the possibility that the decisions might be in hostility to each other.

Again, the writ cannot issue under the Code (§ 2122 sub. 2), " where the determination can be adequately reviewed by an appeal to a court or to some other body or officer." An appeal is given in the present case to the Canal Board by chapter 368 of the Laws of 1829. Upon such appeal the Canal Board may reverse or modify, increase or diminish, the award of the Canal Appraisers, and it may grant a rehearing in the nature of a new trial before the Appraisers. (Id., and Laws 1849, chap. 352, § 4, as amended by chap. 836, Laws of 1866, § 8.) The utmost authority for an adequate review of the determination is there given. The plain language of the Code says the writ " cannot be issued " in such case. Such prohibition was

intended by the revisers, as appears by their note to article 7, chapter 16 and note to section 1987 (now § 2122), made by the commissioners in their first draft of report. The commissioners say (p. 962) : " In order to confine the remedy by *certiorari* to the latter cases " (where no appeal is given), " and those where it is expressly conferred by statute, it is only necessary to provide as we have done in section 1987; that a *certiorari* cannot issue except by special provision of law in any case where an adequate review can be obtained by appeal." They also cite as illustrative of their action : *Storm* v. *Odell* (2 Wend., 287) and *Easton* v. *Calendar* (11 id., 90) ; see, also, *In re Mount Morris Square* (2 Hill, 14) ; *People ex rel. Noble* v. *Comrs. of Pilots* (37 Barb., 126).

The effort of the relator is to recover damages from the State of New York caused by the use of relator's property for the public benefit. It may well be doubted whether damages may be recovered in any other way than is provided by the legislature, that is, by the action of the Canal Appraisers, as modified by an appeal to the Canal Board, which in its decision is declared to be final. The State has authorized itself to be made liable in no other way. It may not be sued or impleaded in court except by its own consent, and when in court it cannot be treated as an individual (*People* v. *Denison*, 59 How. 157 ; S. C., 84 N. Y., 272), nor subjected to the ordinary rules and practice of the courts except by virtue of legislative authority. It may well be doubted then, whether the courts can seize jurisdiction of such cases as this and decide against the State in the absence of special authority, simply because it may do so in the case of other and inferior courts or tribunals.

It will not be necessary to decide this point, since on the other grounds named we think this *certiorari* could not legally have been issued.

The motion to require the Canal Appraisers to make a return to said writ is therefore denied, with ten dollars costs against the relator personally.

LEARNED, P. J., and BOCKES, J., concurred.

Motion to compel return denied, with ten dollars costs.